**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

**HERBAL POWERS CORP. d/b/a HP
INGREDIENTS**, an Illinois Corporation,

        Plaintiff,

        v.

Case No. 8:14-cv-907-MSS-TBM

**PLATINUM SUCCESS, LLC, d/b/a
NIWALI**, a Florida limited liability company,
**GIANCARLO CAPPUCCIO**, an individual,
**BOGDAN RAVARU a/k/a BENJAMIN
BOGDAN RAVARU**, an individual,
**ANDREW FLETCHER**, an individual,
**CARLOS PULIDO**, an individual, and
**PEDRO CASTILLO**, an individual,

        Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT PLATINUM SUCCESS, LLC**

Defendant Platinum Success, LLC, a subsidiary of Niwali USA Corporation ("Niwali"), improperly named as Platinum Success, LLC d/b/a Niwali, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff Herbal Powers Corp. d/b/a HP Ingredients ("HP" or "Plaintiff").

**ANSWER**

Niwali responds to the numbered paragraphs in Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.      This paragraph contains Plaintiff's characterization and summary of its action to which no answer is required.  To the extent an answer to the allegations is required, they are denied.

2.      This paragraph contains Plaintiff's characterization and summary of its action to which no answer is required.  To the extent an answer to the allegations is required, they are denied.

3.      Admitted.

4.      Admitted.

5.      It is admitted only that Platinum Success, LLC transacts business in this District and is subject to personal jurisdiction in this District.  The remaining allegations in this paragraph are denied.

6.      It is admitted only that venue is proper in this District as to Platinum Success, LLC.  The remaining allegations in this paragraph are denied.

## HP AND ITS INTELLECTUAL PROPERTY

7.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

8.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

9.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

10.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

11.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

12.      Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.

13.     It is denied that there is "valuable goodwill" associated with the Registered Mark. Niwali has insufficient information to either admit or deny the remaining allegations in this paragraph, and the allegations are, therefore, denied.

14.     It is denied that the consuming public associates the Registered Mark with herbal supplements of the highest quality and reputation.  Niwali has insufficient information to either admit or deny the remaining allegations in this paragraph, and the allegations are, therefore, denied.

## THE DEFENDANTS AND THEIR CONDUCT

15.     Denied.  The principal address of Niwali is 18851 NE 29th Ave., #792, Aventura, Florida 33180.

16.     It is admitted only that the "Individual Defendants" referenced in this paragraph are members, managers, agents, and/or employees of Platinum Success, LLC.  The remaining allegations of this paragraph are denied.

17.     It is admitted only that the "Individual Defendants" referenced in this paragraph are members, managers, agents and/or employees of Platinum Success, LLC.  The remaining allegations of this paragraph are denied.

18.     It is admitted only that the "Individual Defendants" referenced in this paragraph are members, managers, agents and/or employees of Platinum Success, LLC.  The remaining allegations of this paragraph are denied.

19.     Admitted.

20.     It is admitted that HP granted Niwali a license to use the Registered Mark in the labeling, advertising, marketing, promotion, and sale of herbal supplement products.  The remaining allegations of this paragraph are denied.  It is specifically denied that the license did

not extend to use of the Registered Mark for the sale of products containing LJ100 and purchased by Niwali from HP prior to Niwali's decision to cease ordering LJ100 from HP.  It is further denied that there was ever any agreement that Niwali's license would cease when the last order for LJ100 was placed.

21.     Admitted.

22.     It is admitted only that HP granted Niwali a license to use the Registered Mark for the marketing, advertising, and labeling of products including LJ100 purchased from HP.  The remaining allegations in this paragraph are denied.  It is specifically denied that there was ever any agreement that Niwali's license would cease when the last order for LJ100 was placed.

23.     It is admitted only that Niwali placed its last order of LJ100 in June of 2013, which product was delivered several months later and exhausted several months after that.  The remaining allegations of this paragraph are denied.

24.     Denied.  Niwali maintained the right to use the Registered Mark to market products containing LJ100 purchased from HP while it continued to process, package and distribute those products.

25.     It is admitted only that HP sent a document entitled "termination notice" dated January 6, 2014 to Niwali.  The document speaks for itself and any remaining allegations in this paragraph are denied.

26.     Denied.

27.     Denied.

28.     Niwali has insufficient information to either admit or deny the allegations in this paragraph, and the allegations are, therefore, denied.  It is specifically denied that any confusion in the consuming public is the result of Niwali's conduct.

29.     It is admitted that Niwali believed HP to have registered the mark "LJ100" on the Principal Register of the USPTO.  The remaining allegations of this paragraph are denied.

30.     Denied.

31.     Denied.

## OTHER GENERAL ALLEGATIONS

32.     It is admitted that HP retained counsel and that HP should be responsible for its own legal fees, if any, for filing this meritless Complaint.  Niwali has insufficient information to either admit or deny the remaining allegations in this paragraph, and the allegations are, therefore, denied.

## <u>COUNT I</u>

## <u>BREACH OF CONTRACT</u>

33.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

34.     It is admitted only that HP granted Niwali a license to use the Registered Mark for the marketing, advertising, and labeling of products including LJ100 purchased from HP.  The remaining allegations in this paragraph are denied.  It is specifically denied that there was ever any agreement that Niwali's license would cease when the last order for LJ100 was placed.  .

35.     Denied.

36.     Denied.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT

37.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT III

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

44.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT IV

### TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

52.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## COUNT V

### UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

59.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## COUNT VI

## UNJUST ENRICHMENT

67.     Niwali incorporates its answers in response to Paragraphs 1 through 32 as if fully set forth herein.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, Niwali denies that HP is entitled to any judgment against the Defendants, and specifically denies that they are entitled to any of the relief requested by HP in its Prayer for Relief.  To the extent the Prayer for Relief includes any factual allegations, such allegations are denied.  Niwali respectfully requests that judgment be entered in its favor and against HP, with costs and attorneys' fees assessed against HP.

## AFFIRMATIVE DEFENSES

1.      Niwali's use of the Registered Mark was authorized pursuant to the license extended by HP, for which HP accepted valuable consideration.

2.      Niwali has never used the Registered Trademark for the marketing, advertising, or packaging of products that do not contain LJ100 purchased from HP.

3.      Any continued use of the Registered Mark for the marketing of products that allegedly do not contain LJ100 has been by third parties who are not within the control of Niwali and for whose conduct Niwali is not liable.

4.      HP's claims are barred, in whole or in part, by the doctrine of fair use.

5.      HP's claims are barred, in whole or in part, by the doctrine of estoppel.

6.      Any equitable relief is precluded, because HP has unclean hands.

7.      The Complaint fails to state a claim for which relief can be granted.

8.      Niwali has not infringed any trademark valid under State or Federal law.

9.      To the extent HP alleges that Niwali improperly used the research and information used by HP in connection with its product, such research and information is not proprietary and is within the public domain.

10.     Any alleged use of the generic naming conventions and/or ingredients, such as Eurycoma Longifolia extract, Tongkat Ali or other descriptions of ingredients used in LJ100, do not constitute an unauthorized use of the Registered Mark.

11.     Without admitting that the Complaint states a claim, there has been no damage in any amount by reason of any the alleged acts described in the Complaint.

12.     HP's claims for injunctive relief are barred because HP cannot show that it will suffer any irreparable harm based on the conduct of Niwali if it is not enjoined.

13.     The alleged injury suffered by HP, which Niwali denies, would be adequately compensated by monetary damages had Niwali inflicted such injury.  Accordingly, even if HP has suffered an injury, which it has not, HP has a complete and adequate remedy at law and is not entitled to seek equitable relief.

14.     The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate any alleged damages.

15.     Any misuse of the Registered Mark by Niwali, which is specifically denied, was entirely accidental.

16.     In the event the terms of the unexecuted Trademark License Agreement attached to the Complaint are held to define the scope of the License, Niwali complied with the Agreement.

17.     In the event the terms of the unexecuted Trademark License Agreement attached to the Complaint are held to define the scope of the License, Niwali complied with the Agreement by only using the Registered Mark during the time period when Niwali "process[ed], packag[ed] and distribut[ed] products containing LJ100," as set forth in Paragraph 1 of the Agreement.

18.     In the event the terms of the unexecuted Trademark License Agreement attached to the Complaint are held to define the scope of the License, Niwali complied with the Agreement by terminating "use of the [Registered Mark] *as soon as practicable* after receipt of the Termination Notice," as required by Paragraph 13 of the Agreement. (*Emphasis added*).

19.     In the event the terms of the unexecuted Trademark License Agreement attached to the Complaint are held to define the scope of the License, Niwali was only required to assume responsibility for unauthorized use of the Registered Mark by its contract manufacturers or manufacturing vendors as set forth in Paragraph 12 of the Agreement and cannot be held liable for the conduct of any other third parties who are not within its control.

**WHEREFORE**, Niwali respectfully requests that judgment be entered in its favor and against HP, with costs and attorneys' fees assessed against HP.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

**s/Alejandro Miyar**
Alejandro Miyar
Florida Bar No. 105399
Southeast Financial Center
200 S. Biscayne Blvd. Suite 3590
Miami, FL 33131-2395
Telephone: (305) 442-6549
Facsimile: (305) 442-6541
amiyar@foxrothschild.com

**s/ John J. Haggerty**
John J. Haggerty (*pro hac vice pending*)
2700 Kelly Road, Suite 300
Warrington, PA 18976
Telephone: (215) 345-7500
Facsimile: (215) 345-7507
jhaggerty@foxrothschild.com

*Attorneys for Defendant*
September 18, 2014               *Platinum Success, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically, this 18th day of

September, 2014, via the CM/ECF system upon the following:

> Jason A. Lessinger, Esq.
> G. Matthew Brockway, Esq.
> Icard, Merrill, Cullis, Timm,
> Furen & Ginsburg, P.A.
> 2033 Main Street, Suite 600
> Sarasota, FL 34237
>
> *Counsel for Plaintiff*

**s/Alejandro Miyar**
Alejandro Miyar
Florida Bar No. 105399
Southeast Financial Center
200 S. Biscayne Blvd. Suite 3590
Miami, FL 33131-2395
Telephone: (305) 442-6549
Facsimile: (305) 442-6541
amiyar@foxrothschild.com
